## Finch and Hall *vs* Redding, &c.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Mechanics' lien in Louisville.*

JUDGE MARSHALL delivered the opinion of the Court.

COVENANT.

Case 18.

Sept. 25.

The case stated.

THIS case comes up on the same record as the last, and grows out of the proceeding of Laviolette to enforce his lien. In an amended bill, filed in the course of that proceeding, Laviolette states that he is informed that Finch and Hall have claims against Redding which operate as liens on said house, &c. and makes them defendants. In their answer, filed the 21st of September, 1841, they state that Finch, a lumber merchant, had, within one year previous, furnished to Redding lumber, which was used in erecting said Pearl Street House; that he took from Redding therefor a note for $221 14, dated 21st of September, 1840, at eight months, which is referred to and filed; that he transferred the note to Hill who transferred it to Guy C. Irvine, and it was protested for non-payment; and Hall, stating that he had been compelled to take up the note, and that it is his sole property, prays "that his lien for the same may be enforced against said house and lot, and that it may be sold." The note of Redding, exhibited with the answer, is negotiable and payable at the Bank of Kentucky, and has indorsed on it the names of Finch, Hall, Guy C. Irvine, G. E. Wever and W. H. Denny, Cashier, with a direction over the last name to pay to the order of Wm. Richardson, Cashier; and there is written on the face of it, but without signature, the words, "paid in Bank by Guy C. Irvine." On the 2d of November, 1841, Redding filed his answer to

Laviolette's bill, resisting his claim on the grounds noticed in the opinion just delivered in that case, but takes no notice whatever of the claim of Finch & Hall, or of any statement contained in their answer. On the hearing, in March, 1843, the lien asserted by Finch & Hall was dismissed, the decree stating that "the note exhibited was assigned away, negotiated and paid in Bank, as appears on the face of the note."

Whatever may be proved by the memorandum on the face of the note, it certainly does not conclusively prove that the note was paid by the maker, and we think the contrary, in the absence of other testimony, is sufficiently established by the fact that the note is in possession of the payee or his indorsee, and exhibited by them as evidence of a claim against the maker. But as, for reasons presently to be stated, we concur with the Chancellor, in the propriety of dismissing this claim of lien, we need only say, upon the facts stated in the decree, that we do not consider the assignment, negotiation in Bank and payment of the note, unless it were paid by or for the maker, as necessarily operating to destroy the lien. Our views upon this subject have been fully and more appropriately stated in the case of *Graham & Co.* vs *Holt, &c.* decided at the present term, in which the question as to the effect of similar facts, is more directly presented.

There was no proof in support of the statements of Finch & Hall, or of the claim asserted in their answer, except what may be furnished by the note and protest, and by the failure of Redding, and of all other parties claiming liens in the case, to take any notice of them, except the reference made to their claim by Laviolette in his amended bill, making them defendants. The note makes no reference to the consideration on which it is founded, and although it furnishes evidence of a debt against Redding, it would not, even if proved to be genuine, furnish evidence of a lien as against any body. The facts that Finch furnished lumber to Redding to the value of the sum named in the note, or of any sum; that it was used in erecting the Pearl Street House, and that it had been furnished within the year preceding the assertion of the claim in this suit, none of which are proven by the

Though the taking a note for lumber, &c. furnished for building, &c. in Louisville, is not a waive or loss of lien on the building, nor the sale and transfer of that note to another any forfeiture, if it is not paid; yet it is necessary to show, by proof, that the note was given by way of liquidation of a debt for which a lien did exist—and the silence of other parties to a suit claiming liens also on the same property does not amount to such proof.

note, and all of which are essential to the support of the claim of lien, rests for proof entirely on the silence of the other parties; and the claim can be sustained only upon the ground, that under the statute giving the lien and regulating the mode of its enforcement, the other parties were bound to respond to the answer of Finch & Hall, setting forth their claim, and that their failure to do so amounts to an admission, and dispenses with proof of the facts stated. But we are entirely satisfied that the statute did not intend to give such effect to the mere filing of an answer asserting and specifying the respondent's claim. The 5th sec. of the act provides, expressly, that any defendant, claiming lien, may proceed to prove his claim immediately on filing his answer asserting and specifying it. And although the same section declares that the defendant, so answering, need not make his answer a cross bill against the complainant or any co-defendant, but that the assertion of his claim in his answer, with a prayer for appropriate or general relief, shall be sufficient to authorize a proper decree against complainants or defendants; this provision was intended merely to facilitate the remedy for every claimant, though placed in the attitude of a defendant, by dispensing with the necessity of a formal cross bill, and of any other process than that which would bring the parties before the Court on the original bill. Its effect is, that either defendant, stating his claim and praying for relief, may, so far as mere pleading is concerned, be entitled to a decree against other parties, though he have not proceeded formally as a complainant against them. By filing such an answer, all parties to the suit, though not named therein, become parties thereto, so far as is necessary for the taking of proof and the granting of the proper relief. But the filing of the answer is not equivalent to proof, nor to the service of process upon the other parties.

By the 6th section of the act, any defendant may file his answer immediately on being served with process, and twenty days only are allowed for filing it, after service—and unlike other chancery cases, the cause shall stand for trial at the first term, if process has been served twenty days before its commencement. These provisions

ATTERBERRY
vs
KNOX & MCKEE.
show that the statute did not contemplate the establishment, even of the complainant's claim, by taking the bill for confessed, though this might, of course, be done in process of time, if the bill should remain unanswered; much less did it contemplate this mode of establishing against a co-defendant, a claim asserted in an answer, without process. The statute intended to facilitate and expedite the remedy, by dispensing with some of the ordinary forms of proceeding. But it does not expressly make the answer a cross bill against any body; it does not require it to be answered, nor provide for its being taken for confessed, nor does any rule of chancery practice do either.

We are of opinion, therefore, that the mere silence of the other parties, in regard to the statements made in the answer of Finch & Hall, cannot be taken as an admission of their truth, and there being no such proof of them as would establish a lien, their claim was properly dismissed, and the decree, to that effect, is affirmed.

*Loughborough* for plaintiffs: *Guthrie* for defendants.